Matthew L. Schwartz (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave.
New York, New York 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
E-mail: mlschwartz@bsfllp.com

Karen Y. Paik (SBN 288851)
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Boulevard, Suite 850
Santa Monica, California 90401
Telephone: (310) 752-2400
Fax: (310) 752-2490
E-mail: kpaik@bsfllp.com

*Attorneys for Claimant*
*Qentas Holdings Limited*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-cv-05380-DSF (PLAx) |
| Plaintiff, | **CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM* PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| v. | |
| REAL PROPERTY LOCATED IN LONDON, UNITED KINGDOM OWNED BY QENTAS HOLDINGS, | |
| Defendant. | |

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

Dubai, 13 February 2017

I, Ali Al Hashimi, declare and state as follows:

1.  I am a United Arab Emirates national, and founding partner of Global Advocacy and Legal Counsel, located at 21st Floor, Rolex Tower, Sheikh Zayed Road, Dubai, United Arab Emirates.

2.  I am a fully qualified court advocate licensed to practice throughout the United Arab Emirates.

3.  I obtained my BA degree from the Dubai Police College in 1996 and my L.L.M. degree in Banking and Financial Law from Boston University, USA in 2005.

4.  In the present proceedings I was retained by the law firm Boies, Schiller & Flexner LLP, counsel for Red Granite Pictures, Inc., Red Granite Capital Ltd., Red Granite Capital US, LLC, Red Granite International Inc., TWOWS, LLC, 912 North Hillcrest Road (BH) LLC, Park Laurel Acquisition LLC, and Qentas Holdings Limited (collectively, "Claimants"), to provide a declaration regarding the law of the United Arab Emirates, and specifically the scope of Article 5 and the content of Articles 224, 225, 227, 228 and 229.

5.  In the present declaration, I advise on matters of UAE law and practice before UAE courts.

6.  Arabic is the official language of the UAE; accordingly, all laws and regulations are published in Arabic and the Arabic version of such texts is the only definitive and reliable version.

7.  I have been provided with a translated version of Article 5 of the Penal Code of the UAE, a copy of which I have attached hereto as Appendix A. I have been   informed that this translation accompanied filings made the by the

1

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

United States in a series of lawsuits, including against property owned by Claimants. This translation reads:

> "*Article (5): The following shall ipso jure be considered a public official:*
>
> *1.     Persons entrusted with the public authority and employees working in ministries and governmental departments.*
>
> *2.     Members of the Armed Forces.*
>
> *3.     Chairmen and members of the legislative, consultative and municipal councils.*
>
> *4.      Whoever is delegated by any of the public authorities to perform a specific  assignment within the limits of the work entrusted to him.*
>
> *5.      Chairmen and members of board of directors, managers and all other employees working in associations and public corporations.*
>
> *6.      Chairmen and members of boards of directors and all other employees working in associations and public welfare institutions. Whoever is not included in the categories stated in the preceding clauses and performs work connected with public service in accordance with instructions issued to him from a public official having the authority to give such an instruction according to prescribed laws or regulations, concerning the work assigned to him, shall be considered ipso jure to be entrusted with a public service.*"

8.     The above English version of Article 5 suffers from not less than two critically-flawed translations:

> a.     The Arabic version of Article 5 in its lead-in language, is properly translated as "*public employee*" and not "*public official*".

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

b.    The Arabic version of Article 5 in its subsection 5, is properly translated as "*public institutions and establishments*" and not "*associations and public corporations*".

9.    Article 5 relates to public employees (i.e., employees of the public sector as opposed to the private sector) and not, specifically, public officials (within the meaning of it from a U.S. perspective).

a.    A "public official" within a U.S. context has been described to me as being defined as a "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror."

b.    Under the UAE Penal Code, a "public employee" is any employee of the institutions listed in Article 5 and not necessarily a public official. That is, public officials are public employees, but not all public employees are public officials. Public officials are public employees with administrative, legislative or judicial positions whether elected or appointed; they are decision-makers and have certain authorities given to them by law. Senior public officials of the UAE as per Article 45 of the Constitution of the UAE are members of the Supreme Council, the President and his Deputy, members of the Council of Ministers, members of the Legislative National Council, and members of the Judiciary. Public employees do not necessarily occupy such administrative, legislative or judicial positions.

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

1   Accordingly, the determination of whether an individual is a

2   public official requires firstly a determination as to whether

3   such individual is a public employee pursuant to Article 5 of the

4   UAE Penal Code and thereafter, whether such public employee

5   occupies an administrative, legislative or judicial position that

6   confers authority given by law.

7   c.   Article 5.5 of the UAE Penal Code provides that employees of public

8   institutions and establishments are public ·employees (for the

9   purposes of the Penal Code). Public institutions and establishments

10   are concepts of UAE administrative law that refer to government

11   organizations with a certain level of independence from the central

12   government, such as authorities overseeing a specific area of the

13   economy on behalf of the federal government or a government of one

14   of the Emirates of the United Arab Emirates, and are implementing

15   the policies of such governments. These public institutions and

16   establishments are different from those organizations listed in Article

17   5.1of the UAE Penal Code that are part of the central government and

18   do not enjoy any independence therefrom, such as the Federal

19   Ministries and other governmental departments. The Federal

20   Ministries and governmental departments are funded directly from the

21   government's budget.

22   d.   A law establishing a public institution or establishment will typically

23   state that the newly established institution or establishment and its

24   assets are of a "public" nature. The law would further specify to

25   which government's organization such institution or establishment is

26   annexed and clarify its purposes. Furthermore, such public institutions

27   and establishments would have an independent budget that is annexed,

28

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS
HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR
FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

1   at the federal level, to the general federal budget and are subject to the

2   fiscal controls and authority of the Council of Ministers. Examples of

3   public institutions and establishments are the Emirates Authority for

4   Standardization and Metrology and the Securities & Commodities

5   Authority.

6   e.   Public institutions and establishments are different from government

7   owned corporations which are private institutions and are subject to a

8   different set of laws and regulations. For example, notwithstanding

9   the fact that the largest telecom operator in the UAE (Emirates

10  Telecommunications Corporation - Etisalat) was established by law

11  which among other things *vested its management to a board of*

12  *directors chaired by the minister of transportation and of which five*

13  *members are appointed by the Council of Ministers to represent the*

14  *government*, and that the government owns 60% of its share capital,

15  the Federal Supreme Court held that Etisalat is not a public

16  establishment but a private corporation.[1]  Similarly, IPIC was

17  established by law[2] which provides that it is a public joint stock

18  corporation with an independent legal personality and full capacity to

19  achieve its purposes. Furthermore, I understand that IPIC undertakes

20  international commercial activities on a regular basis and currently

21  holds substantial equity stakes in large international industrial

22  companies such as Borealis, OMV and CEPSA.[3]  Accordingly, IPIC,

23  while owned by the government of Abu Dhabi is a private commercial

24

25

[1] See Judgement in Cassation No. 663/2012 "Civil", Federal Supreme Court of the UAE.
26  Attachment No. 1.
[2] See Law No. 2 of 1986 of Abu Dhabi.  Attachment No. 2.
27  [3] See IPIC's website at http://www.ipic.ae/english/about-ipic/ipic-and-our-history (last visited
January 12, 2017).

28

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS
HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR
FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

enterprise and its employees cannot be deemed to be public officials or even public employees.

10. The Penal Code is of no application unless a punishable criminal act (as defined within the Criminal Code) was committed. Intention is also a basic element of all intentional crimes under the Penal Code. Accordingly, a punishable act as per the Penal Code must occur through an outward act as the law will only deal with external manifestations of will.

11. Mere references to Articles 224, 225, 227, 228 and 229 of the Penal Code are not sufficient per se to establish that a criminal act was committed thereunder. Any such accusation needs to be pleaded with particularity.

   a. Assuming that a criminal act was committed, the Criminal Code, except for very specific circumstances set forth therein, remains without application to such acts committed outside the territory of the UAE. (Article 16 of the UAE Criminal Code). Furthermore, under those specific circumstances, no proceedings under the UAE Criminal Code may be initiated against the author of a criminal act committed outside the territory of the UAE, except by the Public Prosecutor of the UAE. (Article 23 of the UAE Criminal Code). If no such proceedings have been initiated, there is *ipso facto* no crime pursuant to the UAE Criminal Code.

   b. Similarly, in the UAE, the Public Prosecution is the sole judicial authority empowered to charge an accused and refer the case to the criminal court in the event it finds that a criminal offence has taken place under the UAE Penal Code. If no such proceedings have been initiated, there is *ipso facto* no crime pursuant to the UAE Criminal Code.

12.   Furthermore, a public employee acting outside the ambit of his/her official role cannot be considered as acting in that capacity under the Penal Code. The Penal Code has expressly dealt with certain criminal acts that may be committed by public employees. Per definition, such criminal acts are intrinsically and directly connected to the relevant public employees' role. Accordingly, if a public employee commits a criminal act that is unrelated to his capacity as public employee, such public employee will not be subject to the provisions of the Penal Code that deal with public employees; rather, such employee may be subject to other more general provisions of the Penal Code.

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

1

2    Ali Al Hashimi

3    

4

5

6

7    Global Advocacy & Legal Counsel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

CORRECTED DECLARATION OF ALI AL HASHIMI IN SUPPORT OF CLAIMANT QENTAS
HOLDINGS LIMITED'S MOTION TO DISMISS THE VERIFIED COMPLAINT FOR
FORFEITURE IN REM PURSUANT TO FED. R. CIV. P. 12(b)(6)

BOIES, SCHILLER & FLEXNER LLP
SANTA MONICA, CALIFORNIA

# **Appendix A**

**ATTACHMENT C**

UNITED ARAB EMIRATES LAW

FEDERAL LAW NO (3) OF 1987 ON ISSUANCE OF THE PENAL CODE

**Article (224):** A prison term shall be inflicted upon any public official or person assigned to public service who misappropriates property held in his possession ex officio or by reason of his assignment.

**Article (225):** A term of imprisonment shall be inflicted upon any public official or person assigned to public service who takes advantage of his position and unjustifiably embezzles the property of the State or the property that belongs to any of the authorities stated in Article (5) or facilitates this matter for other persons.

**Article (227):** Punishment by term imprisonment shall be inflicted upon any public official or person assigned to public service who has been entrusted to safeguard the interest of the State, or any of the authorities stated in Article (5), in a transaction, operation, or case, and who willfully prejudices such an interest in order to gain advantage for himself or for another person.

**Article (228):** A prison term shall be inflicted upon any public official or person assigned to public service who is concerned with the preparation, administration or performance of job contracts, supplies, works or contracts related to the State, or any of the authorities indicated in Article (5), who gains directly or through a mediator from any of said works, or obtains for himself or for another a commission on any matter pertaining to said works.

**Article (229):** A prison term not exceeding five years shall be inflicted upon any one who willfully commits an act of fraud in performing all or some of the obligations

148

imposed upon him in a job, a supply contract, or other administrative contracts concluded with the Government or any of the authorities provided for in Article (5). . . .

**Article (5):** The following shall ipso jure be considered a public official:

    1.    Persons entrusted with the public authority and employees working in ministries and governmental departments.

    2.    Members of the Armed Forces.

    3.    Chairmen and members of the legislative, consultative and municipal councils.

    4.    Whoever is delegated by any of the public authorities to perform a specific assignment within the limits of the work entrusted to him.

    5.    Chairmen and members of board of directors, managers and all other employees working in associations and public corporations.

    6.    Chairmen and members of boards of directors and all other employees working in associations and public welfare institutions.

Whoever is not included in the categories stated in the preceding clauses and performs work connected with public service in accordance with instructions issued to him from a public official having the authority to give such an instruction according to prescribed laws or regulations, concerning the work assigned to him, shall be considered ipso jure to be entrusted with a public service.

**Article (399):**  Detention or a fine shall be imposed upon any one who seizes, for himself or for another, a movable property, or obtains a document or signature thereon, cancellation or destruction thereof or amendment thereto by fraudulent means, or by assuming a false name or capacity, where such an act leads to deception of a victim and leads him to surrender. . . .

# <u>Attachment No. 1</u>

**Atlas Legal Translation**

Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice



أحمد بــدران بدير
مترجم قانونى
مـعتمد لدى وزارة العـــدل

ترجمة جزء من المستند

# Encyclopedia of Arab Judgments

## All Rights Reserved ©2008, www.mohamoon-ju.net

Publications of the United Arab Emirates University - the Ministry of Justice

Third Issue, Twenty-Four year (2002), page. 1329

### Session dated Sunday, 2 June 2002 (civil)

Under presidency of judge/ Mohammed Abdel-Qader Al Salti – head of circuit and membership of Judges / Abdul Aziz Mohamed Abdelaziz and Salah Mahmoud Aweys

### (181)

### Appeal No. (663) of the judicial 23 year

Summary [*not translated*]

### The Court

Having reviewed the papers, heard the concluding report and legally deliberated:

Since the appeal has met its legal form, whereas the facts, according to contents of the appealed judgment and all the other papers, are represented in that the Appellant has filed a lawsuit no (52) of 1999, Fujairah First

تليفون : ٤٣٣١ ٤٢٦٦ ٩٧١+ ٭ فاكس : ٢٢٥١ ٤٢٦٦ ٩٧١+ ٭ موبايل : ٤٠٨٤ ٥٥٧ ٥٥٥ ٩٧١+ ٭ ص.ب : ٨١٤٥١ دبي، إ.ع.م

Tel : +971 4 266 4331 ✶ Fax : +971 4 266 2251 ✶ Mobile : +971 !55 557 4084 ✶ P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com ✶ Website : www.atlaslt.com



Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice

أحمد بــدران بدير
مترجم قانوني
معتمد لدى وزارة العــدل

ترجمة جزء من المستند

Instance, against Emirates Telecommunications Corporation- the Respondent - requesting to oblige the same to pay to the Appellant an amount of AED 265,089, representing the value of his dues, on the ground that he has been working for it since 1/4/1978, then, he was surprised with the arbitrary dismissal without a notice and refraining to pay all his dues. The Respondent pleaded with dismissal of the lawsuit due to being filed without following the legal procedures, then, the Court of first Instance delegated expert. After the delegated expert submitted his report, the Court judged with obliging the Respondent to pay to the Appellant an amount of AED 105,296.44, then, the losing party appealed against that judgment through Appeal no (104) of 2000, Fujairah, which resulted in cancelling the appealed judgment and rejecting the lawsuit due to being filed without following the legal procedures, the matter which led to the present appeal.

Since the appeal was grounded on two reasons, by which the Appellant challenges the appealed judgment, that the appealed judgment is stigmatized with misapplication and misinterpretation of law, invalidity and contradiction of reasoning. The appealed judgment judged with rejecting the lawsuit pursuant to the provision of the Sixth Article of the Labour Law that necessitate to resort to the competent labor department to take the necessary procedures for settling the dispute amicably, and, in

تليفون : ٤٣٣١ ٢٦٦ ٤ ٩٧١+ ★ فاكس : ٢٢٥١ ٢٦٦ ٤ ٩٧١+ ★ ص.ب : ٨١٤٥١ دبي, إ.ع.م
Tel : +971 4 266 4331 ★ Fax : +971 4 266 2251 ★ Mobile : +971 55 557 4084 ★ P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com ★ Website : www.atlaslt.com



**Atlas Legal Translation**

Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice

أحمد بـدران بدير
مترجم قانونى
معتمد لدى وزارة العـدل

ترجمة جزء من المستند

case of failure, this dispute shall be referred to the competent Court. Whereas the Respondent is a public institution in which the government hold shares not less than 60% of its capital and is one of the categories excluded of the application of this law, in accordance with Article no (3 (a)) thereof, and whereas the judgment, which considered that the Respondent is not a public institution, relied on the law no (78) of 1976 despite of being replaced by law no. (1) of 1991, therefore, the judgment is flawed and worthy to be cancelled .

Whereas this challenge is incorrect, as Article (3 (a)) of the Labour Law provides for the inapplicability of its provisions on the Employees of Federal government, employees of local governmental departments of the member Emirates of the Union, employees of municipalities, and employees and workers working in Public institutions and establishments, who are subject to the provisions of the civil service laws and their own laws. In consideration of the above and as the provisions of the Federal Law no (1) of 1991, regarding Emirates Telecommunications Corporation, under which the decision of dismissing the appeal was issued, are free of any wording to the effect that the Respondent corporation is a public corporation or a public law organization, as the law states that it shall be managed based on commercial and investment basis (Article 2), defines its paid capital to be one billion and five hundred million dirhams dividend

تليفون : ٤٣٣١ ٢٦٦ ٤ ٩٧١+ * فاكس : ٢٢٥١ ٢٦٦ ٤ ٩٧١+ * موبايل : ٤٠٨٤ ٥٥٧ ٥٥ ٩٧١+ * ص.ب : ٨١٤٥١ دبى، إ.ع.م
Tel : +971 4 266 4331 * Fax : +971 4 266 2251 * Mobile : +971 55 557 4084 * P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com * Website : www.atlaslt.com

ATTACHMENT NO. 1
PAGE 15

U.D. 3

Atlas Legal Translation

Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice

أطلـس للترجمـة القانونيـة

أحمـد بـدران بدير
مترجم قانونـي
معتمـد لـدى وزارة العـدل



ترجمة جزء من المستند

into shares where the value of each one is one hundred dirhams (Article 6), requires that the government's shares in the corporation shall be at least 60% (Article 7), vested its management to a board of directors chaired by minister of transportation, provided that five members shall be appointed by the Council of Ministers to represent the government in the board and the other four members shall be appointed by the shareholders (Article 25). The law assigned to the board at the end of each financial year the preparation of its balance sheet, profit and loss accounts, distribution of the net profits after deducting all the expenses and the services provided by the government. Interim dividend may be distributed to shareholders during the financial year (Articles (35) & (37)), each shareholder is entitled to attend the General Assembly and shall have votes in proportion to the shares held by him (Article 41), accordingly, the Respondent institution is not to be considered a public institutions; rather, it is a joint stock company, a private law institution and its employees shall not be considered public employees who are subject to the provisions of the civil service laws and they are not linked with the state through a public employment relationship, then, the provisions of the labor law shall be applicable on them. Whereas the appealed judgment concluded to this result and due to the Appellant's failure to resort to the Department of labor before filing the lawsuit, which resulted in its rejection, accordingly, the challenge against

Ahmad Badran Bedir
Legal Translator Certified by Ministry of Justice
Arabic - English - Arabic

تليفون : ٤٣٣١ ٢٦٦ ٤ ٩٧١+ ✶ فاكس : ٢٢٥١ ٢٦٦ ٤ ٩٧١+ ✶ موبايل : ٤٠٨٤ ٥٥٧ ٥٥ ٩٧١+ ✶ ص.ب : ٨١٤٥١ دبي، إ.ع.م
Tel : +971 4 266 4331 ✶ Fax : +971 4 266 2251 ✶ Mobile : +971 55 557 4084 ✶ P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com ✶ Website : www.atlaslt.com



**Atlas Legal Translation**
Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice

أطلــس للترجمـــة القانونيـة
أحمد بــدران بدير
مـترجم قانوني
مـعتمد لدى وزارة العـــدل

ترجمة جزء من المستند

the judgment is ungrounded, and the judgment shall not be invalid for relying on the Federal Decree No. (78) of 1976 instead of law No. (1) of 1991 as long as its wording meets the correct application of the law on the facts included therein, and, accordingly, the challenge in this part becomes ineffective, and the present appeal must be rejected.

All Rights Reserved ©2008, www.mohamoonju.net



تليفون : ٤٣٣١ ٢٦٦ ١٧١٤٢٦٦+ ★ فاكس : ٢٢٥١ ١٧١٤٢٦٦+ ★ موبايل : ٤٠٨٤ ٥٥٧ ٥٥ ٩٧١+ ★ ص.ب : ٨١٤٥١ دبي, إ.ع.م
Tel : +971 4 266 4331 ★ Fax : +971 4 266 2251 ★ Mobile : +971 55 557 4084 ★ P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com ★ Website : www.atlaslt.com

موسوعة الأحكام العربية - القانونية
جميع الحقوق © 2008 - محفوظة لـ www.mohamoon-ju.net

مطبوعات جامعة الإمارات العربية المتحدة - وزارة العدل
العدد الثالث - السنة الرابعة والعشرون (2002م) - صـ 1329

**جلسة الأحد الموافق 2 من يونيه سنة 2002 (مدني)**

برئاسة السيد القاضي/ محمد عبد القادر السلطي - رئيس الدائرة، وعضوية السادة القضاة: عبد العزيز محمد عبد العزيز وصلاح محمود عويس.

**(181)**
**الطعن رقم (663) لسنة 23 القضائية**

موظفون - عمل - مؤسسات (اتصالات).

النص في ق. العمل على عدم سريانه على موظفي الحكومة الاتحادية وموظفي الحكومات المحلية في الإمارات وموظفي البلديات والهيئات والمؤسسات العامة. م (3 أ) من القانون - م القانون - لا يشمل مؤسسة اتصالات الذي خلا القانون الاتحادي رقم 1/ 1991 الذي صدر قرار فصل الطاعن في ظل أحكامه من النص على اعتبارها مؤسسة عامة أو شخصا من أشخاص القانون العام وإنما نص على اعتبارها مؤسسة تجارية واستثمارية ويرأس مجلس إدارتها وزير المواصلات - قضاء الحكم بعدم قبول دعوى الطاعن لعدم الالتجاء قبل رفع الدعوى إلى دائرة العمل المختصة - صحيح في القانون - استناده إلى نصوص القانون السابق قبل تعديله بدلا من القانون الحالي - لا يبطله.

إن المادة (3 أ) من قانون العمل تنص على عدم سريان أحكامه على موظفي الحكومة الاتحادية، وموظفي الدوائر الحكومية المحلية في الإمارات الأعضاء في الاتحاد، وموظفي البلديات، وغيرهم من الموظفين والمستخدمين العاملين في الهيئات والمؤسسات العامة الخاضعين لأحكام قوانين الخدمة المدنية أو القوانين الخاصة بهم. لما كان ذلك وكانت نصوص القانون الاتحادي رقم (1) لسنة 1991 في شأن مؤسسة الإمارات للاتصالات الذي صدر قرار فصل الطاعن في ظل سريان أحكامه، قد خلت من النص على اعتبار المؤسسة المطعون ضدها مؤسسة عامة أو شخصا من أشخاص القانون العام، إذ نص على إدارتها على أسس تجارية واستثمارية (المادة 2)، وعلى تحديد رأس مالها المدفوع بمبلغ ألف وخمسمائة مليون درهم يقسم إلى أسهم قيمة كل سهم مائة درهم (المادة 6)، وعلى ألا تقل نسبة ما تملكه الحكومة عن 60% من أسهم المؤسسة (المادة 7)، وناط إدارتها بمجلس إدارة يؤلف برئاسة وزير المواصلات على أن يعين خمسة أعضاء منهم بواسطة مجلس الوزراء لتمثيل الحكومة في المجلس، ويتم انتخاب الأربعة الباقين من قبل المساهمين (المادة 25)، وناط بالمجلس في نهاية كل سنة مالية إعداد ميزانياتها وحساب الأرباح والخسائر، وتوزيع الأرباح الصافية بعد استنزال جميع المصروفات.. والخدمات التي تقدمها الحكومة ويجوز توزيع أرباح مؤقتة على المساهمين خلال السنة المالية (المادتان 35)، (37))، ولكل مساهم حق حضور الجمعية العمومية ويكون له من الأصوات بعدد ما يملك من أسهم (المادة 41)، ومن ثم فإن المؤسسة المطعون ضدها لا تدخل في عداد المؤسسات العامة وإنما هي شركة مساهمة من أشخاص القانون الخاص، ولا يعتبر موظفوها موظفين عموميين يخضعون لأحكام قوانين الخدمة المدنية، ولا تربطهم بالدولة علاقة الوظيفة العامة، ومن ثم لا تنحسر عنهم أحكام قانون العمل، وإذ خلص الحكم المطعون فيه إلى هذه النتيجة ورتب على عدم لجوء الطاعن إلى دائرة العمل قبل رفع الدعوى قضاءه بعدم قبول الدعوى، فإن النعي عليه يضحى على غير أساس، ولا يبطله استناده إلى المرسوم الاتحادي رقم (78) لسنة 1976 بدلا من القانون رقم (1) لسنة 1991 مادام منطوقه جاء موافقا للتطبيق الصحيح للقانون على الواقعة الثابتة فيه، ويضحى النعي في هذا الشق غير منتج.

---

**المحكمة**

بعد الاطلاع على الأوراق، وتلاوة تقرير التلخيص، وبعد المداولة.

حيث إن الطعن استوفى أوضاعه الشكلية، وحيث إن الوقائع - على ما يبين من الحكم المطعون فيه وسائر الأوراق - تتحصل في أن الطاعن أقام الدعوى (52) لسنة 1999 الفجيرة الابتدائية على مؤسسة الإمارات للاتصالات - المطعون ضدها - بطلب إلزامها بأن تؤدي له مبلغ 265.089 درهما يمثل قيمة مستحقاته، على سند من أنه يعمل لديها منذ 1/ 4/ 1978 ثم فوجئ بقيامها بفصله عسفا دون إنذار وامتناعها عن سداد كافة مستحقاته لديها، دفعت المطعون ضدها بعدم قبول الدعوى لرفعها بغير الطريق القانوني، ومحكمة أول درجة ندبت خبيرا، وبعد أن أودع تقريره حكمت بإلزام المطعون ضدها بأن تؤدي للطاعن مبلغ 105.296.44 درهما، وإذ استأنفت المحكوم ضدها هذا الحكم قضى في استئنافها (104) لسنة 2000 الفجيرة بإلغاء الحكم المستأنف وبعدم قبول الدعوى لرفعها بغير الطريق الذي رسمه القانون، فكان الطعن المطروح.

وحيث إن الطعن أقيم على سببين ينعى الطاعن بهما على الحكم المطعون فيه الخطأ في تطبيق القانون وتقصير والفساد في الاستدلال والتناقض، إذ قضى بعدم قبول الدعوى على سند مما أوجبته المادة السادسة من قانون العمل من ضرورة الالتجاء إلى دائرة العمل المختصة لاتخاذ ما يلزم لتسوية النزاع وديا، وعند تعذر التسوية تحيله إلى المحكمة صاحبة الاختصاص، في حين أن المؤسسة المطعون ضدها مؤسسة عامة تسهم فيها الحكومة بنسبة لا تقل عن 60% من رأس مالها ومن الفئات المستثناة من تطبيق هذا القانون عملا بالمادة (3 أ) منه، وإذ عول الحكم فيما ذهب إليه من عدم اعتبارها مؤسسة عامة إلى القانون (78) لسنة 1976 رغم أن هذا القانون قد ألغي بالقانون رقم (1) لسنة 1991، فإنه يكون معيبا مستوجبا نقضه.

وحيث إن هذا النعي غير سديد، ذلك أن المادة (3 أ) من قانون العمل تنص على عدم سريان أحكامه على موظفي الحكومة الاتحادية، وموظفي الدوائر الحكومية المحلية في الإمارات الأعضاء في الاتحاد، وموظفي البلديات، وغيرهم من الموظفين والمستخدمين العاملين في الهيئات والمؤسسات العامة الخاضعين لأحكام قوانين الخدمة المدنية أو القوانين الخاصة بهم. لما كان ذلك وكانت نصوص القانون الاتحادي رقم (1) لسنة 1991 في شأن مؤسسة الإمارات للاتصالات الذي صدر قرار فصل الطاعن في ظل سريان أحكامه، قد خلت من النص على اعتبار المؤسسة

ATTACHMENT NO. 1
PAGE 18

المطعون ضدها مؤسسة عامة أو شخصًا من أشخاص القانون العام، إذ نص على إدارتها على أسس تجارية واستثمارية (المادة 2)، وعلى تحديد رأس مالها المدفوع بمبلغ ألف وخمسمائة مليون درهم يقسم إلى أسهم قيمة كل سهم مائة درهم (المادة 6)، وعلى ألا تقل نسبة ما تملكه الحكومة من أسهم المؤسسة عن 60% (المادة 7)، وناط إدارتها بمجلس إدارة يؤلف برئاسة وزير المواصلات على أن يعين خمسة أعضاء منهم بواسطة مجلس الوزراء لتمثيل الحكومة في المجلس، ويتم انتخاب الأربعة الباقين من قبل المساهمين (المادة 25)، وناط بالمجلس في نهاية كل سنة مالية إعداد ميزانياتها وحساب الأرباح والخسائر، وتوزيع الأرباح الصافية بعد استنزال جميع المصروفات.. والخدمات التي تقدمها الحكومة، ويجوز توزيع أرباح مؤقتة على المساهمين خلال السنة المالية (المادتان (35)، (37))، ولكل مساهم حق حضور الجمعية العمومية ويكون له من الأصوات بعدد ما يملك من أسهم (المادة (41))، ومن ثم فإن المؤسسة المطعون ضدها لا تدخل في عداد المؤسسات العامة وإنما هي شركة مساهمة من أشخاص القانون الخاص، ولا يعتبر موظفوها موظفين عموميين يخضعون لأحكام قوانين الخدمة المدنية، ولا تربطهم بالدولة علاقة الوظيفة العامة، ومن ثم لا تنحسر عنهم أحكام قانون العمل، وإذ خلص الحكم المطعون فيه إلى هذه النتيجة ورتب على عدم لجوء الطاعن إلى دائرة العمل قبل رفع الدعوى قضاءه بعدم قبول الدعوى، فإن النعي عليه يضحى على غير أساس، ولا يبطله استناده إلى المرسوم الاتحادي رقم (78) لسنة 1976 بدلًا من القانون رقم (1) لسنة 1991 ما دام منطوقه جاء موافقًا للتطبيق الصحيح للقانون على الواقعة الثابتة فيه، ويضحى النعي في هذا الشق غير منتج. ولما تقدم يتعين رفض الطعن.

جميع الحقوق © 2008 - محفوظة لـ www.mohamoon-ju.net



ATTACHMENT NO. 1
PAGE 19

# **<u>Attachment No. 2</u>**



Atlas Legal Translation
Ahmed Badran Bedir
Legal Translator
Certified By Ministry of Justice

أطلــس للترجمــة القانونيــة
أحمد بـدران بدير
مترجم قانوني
معتمد لدى وزارة العـدل

> Transaltion of part of the document

# Law No. 2 of 1986 in respect of re-establishing International Petroleum Investment Co.

## ARTICLE (1)

International Petroleum Investments Company (IPIC) shall be a public joint stock company with an independent legal personality and full capacity to achieve its purposes.

## ARTICLE (2)

The purpose of IPIC is to undertake, own and participate in projects, outside of Abu Dhabi, in the oil and petrochemicals sectors, utilize the power resources, and participate in all activities derived from, in support of, related to or supplementary to such projects and industries.



تليفون : ٤٣٣١ ٢٦٦ ٤ ٩٧١+ ★ فاكس : ٢٢٥١ ٢٦٦ ٤ ٩٧١+ ★ موبايل : ٤٠٨٤ ٥٥٧ ٥٥ ٩٧١+ ★ ص.ب : ٨١٤٥١ دبي، إ.ع.م
Tel : +971 4 266 4331 ★ Fax : +971 4 266 2251 ★ Mobile : +971 55 557 4084 ★ P.O.Box : 81451 Dubai, U.A.E
E-mail : legal@atlaslt.com ★ Website : www.atlaslt.com

ATTACHMENT NO. 2

PAGE 21

KH.S. 1

# قانون رقم (٢) لسنة ١٩٨٦م

## في شأن إعادة تأسيس شركة الإستثمارات البترولية الدولية [1]

نحن زايد بن سلطان آل نهيان، حاكم أبوظبي.

بعد الإطلاع على القانون رقم (١) لسنة ١٩٧٤، في شأن إعادة تنظيم الجهاز الحكومي في إمارة أبوظبي وتعديلاته،

وعلى القانون رقم (٢) لسنة ١٩٧١ في شأن المجلس الإستشاري الوطني وتعديلاته،

وعلى القانون رقم (٧) لسنة ١٩٧١ في شأن تأسيس شركة بترول أبوظبي الوطنية وتعديلاته،

وعلى القانون رقم (٥) لسنة ١٩٨١ في شأن إعادة تنظيم جهاز أبوظبي للإستثمار،

وعلى القانون رقم (٣) لسنة ١٩٨٤ في شأن تأسيس شركة الإستثمارات البترولية الدولية،

وبناءً على ما عرضه نائب رئيس المجلس التنفيذي رئيس مجلس إدارة شركة بترول أبوظبي الوطنية وموافقة المجلس التنفيذي،

أصدرنا القانون الآتي:

## مادة (١)

تكون شركة الإستثمارات البترولية الدولية شركة مساهمة عامة لها الشخصية الإعتبارية المستقلة، وتتمتع بالأهلية الكاملة لتحقيق أغراضها.

---

[1] انظر:
- الجريدة الرسمية، السنة الثالثة عشرة، العدد السابع، يوليو ١٩٨٤.
- الجريدة الرسمية، السنة السادسة عشر، العدد الأول، يناير ١٩٨٧.



٢١٧

# مادة (٢)

غرض الشركة القيام خارج إمارة أبوظبي بإنشاء المشروعات في مجالات الصناعة البترولية والبتروكيماوية واستغلال مصادر الطاقة وكذلك أوجه النشاط المتفرعة أو المساعدة أو المرتبطة أو المكملة لهذه المشروعات والصناعات وتملكها والمشاركة أو المساهمة فيها.

وتتولى الشركة بصفة خاصة الاعمال الآتية:

١ – عمليات تكرير البترول وانشاء وتملك معامل التكرير وصيانتها.

٢ – تصنيع الكيماويات البترولية ومشتقاتها والعمليات المرتبطة بذلك.

٣ – نقل المواد البترولية والكيماوية المصنعة والقيام بإنشاء شبكات الأنابيب اللازمة لأغراض صناعة النفط والمنتجات البترولية بما في ذلك تصميم وصناعة وتشغيل الشبكات المذكورة.

٤ – إقامة وتملك وتشغيل الخزانات اللازمة لحفظ البترول والمنتجات البترولية ومشتقاتها والمواد الغازية.

٥ – إقامة شبكات توزيع المنتجات النفطية ومشتقاتها.

٦ – القيام إما مباشرة عن طريق شركات مملوكة لها بالكامل أو بالمشاركة مع آخرين بعمليات الإستكشاف والتنقيب عن البترول والغاز وإنتاجهما.

٧ – إعداد الدراسات للمشاريع الصناعية الخاصة بالصناعات البترولية والبتروكيماوية وتنفيذ مثل هذه المشاريع وإدارتها لمصلحة الشركة أو لحساب الغير.

٨ – الإستثمار في مختلف مجالات مصادر الطاقة الأخرى غير البترول.

٩ – الإستثمار في ميدان التكنولوجيا المتقدمة وذلك بالمشاركة أو المساهمة في المشاريع والدراسات الخاصة بخلق الطاقة أو بتطوير وسائل إستغلالها وإستخدامها من أجل إستغلال نتائجها في مشاريع الشركة أو بيعها لآخرين بهدف تحقيق أفضل عائد للشركة.



٢١٨