DEBORAH CONNOR, Acting Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email:  Woo.Lee@usdoj.gov

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391/(213) 894-4493
    Facsimile: (213) 894-7177
    Email: John.Kucera@usdoj.gov
           Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV 16-05380-DSF(PLAx) |
|---|---|
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| REAL PROPERTY LOCATED IN LONDON, UNITED KINGDOM, OWNED BY QENTAS HOLDINGS, | |
| Defendant. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Scheduling Conference, counsel for plaintiff United States of America and claimant Qentas Holding Limited ("Claimant"), submit this Joint Rule 26(f) Report.

**A.    STATEMENT OF THE CASE**

*Government's Contentions*

This civil forfeiture action was commenced on July 20, 2016. The government alleges the following:

1.    The Real Property Located in London, United Kingdom (the "Defendant Asset") constitutes, and is derived from, proceeds traceable to one or more violations of a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(iv) and 1956(c)(7)(D), and a conspiracy to commit such offenses.

2.    The Defendant Asset is derived from, was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international

transportation or receipt of stolen or fraudulently obtained property

(18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315)in

violation of section 18 U.S.C. § 1957 and a conspiracy to commit such

offenses in violation of section 18 U.S.C. § 1956(h).

3.   The Defendant Asset was involved in and is traceable to

property involved in one or more financial transactions, attempted

transactions, and a conspiracy to conduct or attempt to conduct such

transactions involving the proceeds of specified unlawful activity,

that is a foreign offense involving the misappropriation of public

funds by or for the benefit of a public official (18 U.S.C. §

1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. §

1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international

transportation or receipt of stolen or fraudulently obtained property

(18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315),

and were designed in whole or in part to conceal or disguise the

nature, the location, the source, the ownership or the control of the

proceeds of the specified unlawful activities in violation of 18

U.S.C. § 1956(a)(1)(B)(i).

4.   The Defendant Asset was involved in, and is traceable to

property involved in, one or more transactions or attempted

transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a

conspiracy to commit such offenses in violation of section 18 U.S.C.

§ 1956(h).  Specifically, the Defendant Asset was involved in and is

traceable to funds that were and were attempted to be, transported,

transmitted, or transferred, and a conspiracy to transport, transmit,

or transfer, to a place in the United States from or through a place

outside the United States, with the knowledge that the funds involved

in the transportation, transmission, or transfer represented the

proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities, that is a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv));  fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii));  wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).

*Claimants' Contentions*

Claimant is a corporation holding title to the Defendant Asset in fee simple, and is therefore the owner of the Defendant Asset. Claimant disputes the government's allegations and denies that the Defendant Asset is subject to forfeiture.

On February 10, 2017, Claimant filed two motions to dismiss the government's Complaint:  one pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and the other pursuant to Rules 12(b)(1) and 12(b)(3) for lack of subject matter jurisdiction and/or venue.  In the alternative, Claimant moved to transfer this case to the United States District Court for the District of Columbia.  (Dkt. Nos. 35-39.)

As set forth in Claimant's motions, the Complaint fails to identify who committed the crimes that allegedly give rise to forfeiture and fails to make allegations sufficient to conclude that any offense occurred with the requisite scienter.  The allegations of the Complaint also make clear that any offenses were committed entirely abroad and lack sufficient nexus to the United States.  The

Complaint similarly relies on a mistranslation and misinterpretation of United Arab Emirates law as a basis for forfeiture, and Claimant has filed a declaration in support of its motion to dismiss offering expert evidence on the correct interpretation of United Arab Emirates law.  (See Dkt. No. 39.)

Moreover, while the Complaint alleges a series of purportedly-fraudulent overseas transactions, the beneficial owner of the Claimant, Riza Aziz, is not alleged to have participated in any of those transactions, nor alleged to have knowledge of them.  Indeed, the Complaint fails to identify who allegedly committed the specified unlawful offenses cited in the Complaint, or to adequately allege the elements of those offenses or of any subsequent money laundering offense.

Further, according to the government's own Complaint, Mr. Aziz claimed beneficial ownership of the Claimant on his 2012 U.S. tax return, and is an innocent owner of the Defendant Asset.

Independently, the Complaint also must be dismissed under the act of state doctrine, or in consideration of international comity.

**B.    BASIS FOR SUBJECT MATTER JURISDICTION**

The government contends that the basis for subject matter jurisdiction is 18 U.S.C. §§ 1345 and 1355.

Claimant disputes that there is subject matter jurisdiction over this case.  As set forth in Claimant's motion to dismiss, the Defendant Asset is not located within the jurisdiction of this Court or any U.S. court, and so the case must be dismissed.  Moreover, none of the alleged acts or omissions that supposedly give rise to the forfeiture of the Defendant Asset took place in this District.

Accordingly, there is neither subject matter jurisdiction over this case, nor is this District the proper venue even if there were.

**C.   LEGAL ISSUES**

*Government's Contentions*

The government alleges the Defendant Asset is property that constitutes, and is derived from, proceeds traceable to one or more violations of: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(iv) and 1956(c)(7)(D), and a conspiracy to commit such offenses.

The government further alleges that the Defendant Asset was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii));  wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315) in violation of section 18 U.S.C.

§ 1957 and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).

The government further alleges that the Defendant Asset was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), and were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The government further alleges the Defendant Asset was involved in, and is traceable to property involved in, one or more transactions or attempted transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h). Specifically, the Defendant Asset was involved in and is traceable to funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation,

7

1    transmission, or transfer was designed in whole or in part to conceal
2    or disguise the nature, the location, the source, the ownership, or
3    the control of the proceeds of specified unlawful activities, that
4    is: a foreign offense involving the misappropriation of public funds
5    by or for the benefit of a public official (18 U.S.C. §
6    1956(c)(7)(B)(iv));  fraud by or against a foreign bank (18 U.S.C. §
7    1956(c)(7)(B)(iii));  wire fraud (18 U.S.C. § 1343); international
8    transportation or receipt of stolen or fraudulently obtained property
9    (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).
10                     *Claimants' Contentions*
11        Claimant is a corporation holding title to the Defendant Asset
12   in fee simple, and is therefore the owner of the Defendant Asset.
13   Claimant disputes the government's allegations and denies that the
14   Defendant Asset is subject to forfeiture.
15        On February 10, 2017, Claimant filed two motions to dismiss the
16   government's Complaint:  one pursuant to Federal Rule of Civil
17   Procedure 12(b)(6) for failure to state a claim, and the other
18   pursuant to Rules 12(b)(1) and 12(b)(3) for lack of subject matter
19   jurisdiction and/or venue.  In the alternative, Claimant moved to
20   transfer this case to the United States District Court for the
21   District of Columbia.  (Dkt. Nos. 35-39.)
22        As an initial matter, Claimant disputes that there is subject
23   matter jurisdiction over this case.  As set forth in Claimant's
24   motion to dismiss, the Defendant Asset is not located within the
25   jurisdiction of this Court or any U.S. court, and so the case must be
26   dismissed.  Moreover, none of the alleged acts or omissions that
27   supposedly give rise to the forfeiture of the Defendant Asset took
28   place in this District.  Accordingly, there is neither subject matter

jurisdiction over this case, nor is this District the proper venue even if there were.

Further, the Complaint fails to identify who committed the crimes that allegedly give rise to forfeiture and fails to make allegations sufficient to conclude that any offense occurred with the requisite scienter.  The allegations of the Complaint also make clear that any offenses were committed entirely abroad and lack sufficient nexus to the United States.  The Complaint similarly relies on a mistranslation and misinterpretation of United Arab Emirates law as a basis for forfeiture, and Claimant has filed a declaration in support of its motion to dismiss offering expert evidence on the correct interpretation of United Arab Emirates law.  (See Dkt. No. 39.)

Moreover, while the Complaint alleges a series of purportedly-fraudulent overseas transactions, the beneficial owner of the Claimant, Riza Aziz, is not alleged to have participated in any of those transactions, nor alleged to have knowledge of them.  Indeed, the Complaint fails to identify who allegedly committed the specified unlawful offenses cited in the Complaint, or to adequately allege the elements of those offenses or of any subsequent money laundering offense.

Further, according to the government's own Complaint, Mr. Aziz claimed beneficial ownership of the Claimant on his 2012 U.S. tax return, and is an innocent owner of the Defendant Asset. Independently, the Complaint also must be dismissed under the act of state doctrine, or in consideration of international comity

**D.   PARTIES, EVIDENCE, ETC.**

The parties in the case are plaintiff United States of America and claimant Qentas Holdings Limited.

The government's percipient witnesses include the law enforcement and other government agents involved in the investigation of the alleged misappropriation of public funds by or for the benefit of a public official, fraud by or against a foreign bank, wire fraud, international transportation or receipt of stolen or fraudulently obtained property, receipt of stolen money, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value great than $10,0000 that was derived from specified unlawful activates, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions designed in whole or in part to conceal or disguise the nature, the location the source, the ownership or the control of the proceeds of the specified unlawful activities, and funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities.

Claimant's percipient witnesses may include the parties and/or their representatives, law enforcement witnesses and government personnel, third party witnesses, and other fact witnesses. Claimant's expert witnesses include an expert on the law of the United Arab Emirates.

1     **E.**    **DAMAGES**

2     *Government's Contentions*

3     The government contends that damages are not involved in this

4 case.  This is an <u>in</u> <u>rem</u> civil forfeiture case, in which the

5 government seeks to forfeit the defendant real properties.

6     *Claimants' Contentions*

7     Money damages are not presently involved in this case.

8     **F.**    **INSURANCE**

9     The parties are not aware of any applicable insurance policies

10 in this case.

11     **G.**    **MOTIONS**

12     *Government's Position*

13     The government does not anticipate filing motions seeking to add

14 other parties or claims, file amended pleadings, or transfer venue.

15     *Claimants' Position*

16     On February 10, 2017, Claimant filed two motions to dismiss the

17 government's Complaint:  one pursuant to Federal Rule of Civil

18 Procedure 12(b)(6) for failure to state a claim, and the other

19 pursuant to Rules 12(b)(1) and 12(b)(3) for lack of subject matter

20 jurisdiction and/or venue.  In the alternative, Claimant moved to

21 transfer this case to the United States District Court for the

22 District of Columbia.  (Dkt. Nos. 35-39.)

### H.   MAGISTRATE JUDGE

The government does not consent to a United States Magistrate Judge conducting the proceedings in this case.

Claimant consents to a United States Magistrate Judge conducting the proceedings in this case, including the jury trial, pursuant to 28 U.S.C. § 636 and this Court's Local Civil Rule 73-1.

### I.   MANUEL FOR COMPLEX LITIGATION

The parties do not believe that the procedures of the Manual for Complex Litigation are necessary at this time, but reserve their right to seek relief from the Court to facilitate the management of this case.

### J.   STATUS OF DISCOVERY

On March 10, 2017, the government served special interrogatories upon Claimant, the responses to which are presently due by April 24, 2017. The parties have not yet exchanged any other discovery but intend to commence discovery as set forth in Section K below.

### K.   DISCOVERY PLAN

1. The parties do not believe that any changes should be made to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). This forfeiture matter is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B)(ii).

2. The government has already served special interrogatories upon claimant. The government intends to serve requests for admissions, Rule 33 interrogatories and requests for production of documents, and to depose the claimant.

3. Claimant intends to serve requests for the production of

documents, interrogatories, requests for admission, and other written discovery, and to depose representatives of the government and other law enforcement and government personnel, as well as third parties.

4.    The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.  In the event that the Court denies Claimant's motion to dismiss for lack of subject matter jurisdiction, Claimant reserves the right to seek targeted jurisdictional discovery prior to full discovery.

5.    The parties do not believe that changes should be made in the limitations, or that other limitations should be imposed, on the discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, except that Claimant believes that it will be necessary to take more than 10 depositions given the enormous and disjointed scope of the conduct alleged in the Complaint.

6.    The parties anticipate submitting an agreed-upon protective order governing confidential or sensitive information, which they have already begun to discuss. In the unlikely event that an agreement cannot be reached, the parties reserve the right to seek relief from the Court.

7.    Given the scope of the Complaint and number of potential witnesses, the volume of documents will likely be substantial.  The parties will meet and confer to develop appropriate ESI protocols.

8.    Foreign Discovery:  The Complaint alleges an extensive course of conduct that took place primarily overseas.  There are therefore numerous witnesses, information, and documents located in other countries.  The parties may experience restricted access to witnesses or evidence due to foreign laws, investigations, or

proceedings.  In addition, certain witnesses may not speak English at all or fluently.  Some witnesses may not be able to travel to the United States or come under the court's jurisdiction.  The parties will discuss ways to facilitate foreign discovery, but will likely need assistance from the Court, including the issuance of Letters of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

    9.    All parties may file motions for summary judgment and/or summary adjudication.

### L.    DISCOVERY CUT-OFF

The parties have proposed discovery deadlines as set forth in Exhibit A attached hereto.

### M.    EXPERT DISCOVERY

The parties have proposed dates for expert witness disclosures and discovery in Exhibit A attached hereto.

### N.    DISPOSITIVE MOTIONS

On February 10, 2017, Claimant filed two motions to dismiss the Complaint:  one pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and the other pursuant to Rules 12(b)(1) and 12(b)(3) for lack of subject matter jurisdiction and/or venue.  In the alternative, Claimant moved to transfer this case to the United States District Court for the District of Columbia.  (Dkt. Nos. 35-39.)

The parties reserve their right to file dispositive motions including, but not limited to, motions for summary judgment and motions in limine.

**O.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have begun to discuss settlement and will continue to do so.  Pursuant to Local Rule 16-15, the government believes that the parties should adopt ADR Procedure No. 3 (private mediation) for dispute resolution purposes.  Claimant consents to any of the Court's three ADR Procedures, and have no objection to using ADR Procedure No. 3, so long as the government bears the costs of private mediation.

**P.    TRIAL ESTIMATE**

Claimant demands a jury trial, so this case will be tried before a jury.  The government estimates that the trial of this matter will take 15 court days.  Claimant estimates that the trial of its case will also take at least 15 court days.

**Q.    TRIAL COUNSEL**

Assistant United States Attorneys John Kucera and Christen A. Sproule and Woo S. Lee and Kyle Freeny of the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section will try this case on behalf of the government. Matthew L. Schwartz and Karen Yumi Paik of Boies Schiller Flexner LLP will try this case on behalf of Claimant, along with other Boies Schiller Flexner lawyers.

**R.    INDEPENDENT EXPERT OR MASTER**

The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**S.    TIMETABLE**

The parties' proposed timetable of pretrial and trial dates is set forth in Exhibit A attached hereto.

15

**T.   OTHER ISSUES**

There are no other issues that the parties wish to presently bring to the Court's attention.


DATED: March 20, 2017                    DEBORAH CONNOR
                                         Acting Chief, AFMLS

                                         SANDRA R. BROWN
                                         Acting United States Attorney


                                              /s/*Christen A. Sproule*
                                         JOHN J. KUCERA
                                         CHRISTEN A. SPROULE
                                         Assistant United States Attorneys

                                         WOO S. LEE
                                         Deputy Chief, AFMLS
                                         KYLE R. FREENY
                                         Trial Attorney, AFMLS

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA


DATED: March 20, 2017                         /s/(per confirmation)
                                         MATTHEW L SCHWARTZ, ESQ.
                                         KAREN YUMI PAIK, ESQ.

                                         Attorneys for Claimant
                                         Qentas Holdings Limited

16