UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 16-5362 DSF (PLAx); CV 16-5364 DSF (PLAx); CV 16-5367 DSF (PLAx); CV 16-5368 DSF (PLAx); CV 16-5369 DSF (PLAx); CV 16-5370 DSF (PLAx); CV 16-5371 DSF (PLAx); CV 16-5374 DSF (PLAx); CV 16-5375 DSF (PLAx); CV 16-5376 DSF (PLAx); CV 16-5377 DSF (PLAx); CV 16-5378 DSF (PLAx); CV 16-5379 DSF (PLAx); CV 16-5380 DSF (PLAx) | Date | 9/13/17 |
|---|---|---|---|
| Title | United States v. "The Wolf of Wall Street" Motion Picture, etc. (and related cases) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Request For Stay

The government has moved to stay these actions for all purposes other than for the filing of timely claims and answers. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 18, 2017 is removed from the Court's calendar.

18 U.S.C. § 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

Based on the government's presentation, the Court is satisfied that the continuing prosecution of these civil forfeiture cases would adversely affect the prosecution of the related criminal investigation. The Court sees no reason to doubt the government's claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

that a criminal investigation is ongoing into the underlying money laundering allegations that form the basis for all of these civil forfeiture cases. The government has stated that the revelation of discoverable facts in these cases could reveal investigative methods of the investigation, subject witnesses and informants to intimidation or retaliation, and raise the potential for evidence destruction. Given the complex nature of the alleged crimes and the sensitive political and diplomatic issues involved, it is apparent that revelation of any significant amount of information by the government could endanger the operation of the criminal investigation. For this same reason, a protective order is not sufficient to protect the interests of the government and the public. Further, the Court sees no reason to engage in piecemeal discovery with some discovery pursuant to protective order now only to be essentially repeated later after the criminal investigation has terminated. Nor would the stay violate any of the claimants' due process rights. The reason for the delay is well-founded and codified as important by Congress. The length of the delay, while uncertain, does not have to be unduly long because the Court can reassess the need for terminating the stay if the criminal prosecution extends for an excessive period. Finally, no claimant has provided any compelling statement of any prejudice that it might suffer other than that the claims to the various properties will remain uncertain for a longer period of time – a problem inherent in any stay of a forfeiture proceeding.

The motion for a stay is GRANTED. The stay will continue until vacated by the Court, but the government is to provide status updates as to the investigation every 180 days to allow the Court to assess whether to continue the stay.

IT IS SO ORDERED.